## 10032

### W. H. GIST *ET AL.* v. GIST *ET AL.*
### (97 S. E. 242.)

Before SHIPP, J., Union, Fall term, 1917.   Affirmed.

Action by W. M. Gist and others against David C. Gist and others.   Judgment for defendants, and plaintiffs appeal.

*Messrs. Wallace & Barron* and *J. A. Sawyer,* for appellants, cite: *As to the proper construction of the will of Mary E. Gist:* 28 A. & E. Law, p. 394; 86 Ga. 709; 5 Jones Eq. (N. C.) 344; 78 Am. Dec. 229.   *As to claim of adverse possession:* 3 S. C. 34; 25 S. C. 519; 59 S. C. 440.   *As to respondents' exceptions, which ask that the decree be sustained, upon the ground that the master improperly allowed appellants to amend complaint:* 83 S. C. 321; 81 S. C. 5, 74; 74 S. C. 244; 1 Encyc. Pl. & Prop. 564; 70 S. C. 550; 80 S. C. 1.

*Messrs. J. K. Hamblin* and *Wm. M. Jones,* for respondents.   *Mr. Jones* submits: *The master had no power to grant the amendment to the supplemental complaint:* Ct. C. Rule VII; Code of Procedure, sec. 446; 21 S. C. 226; 21 S. C. 221; 30 S. C. 564; 9 S. E. 684; 31 S. C. 199; 9 S. E. 814; 13 S. C. 21; 13 S. C. 397; 18 S. C. 310; 19 S. C. 567; 27 S. C. 1; 2 S. E. 702; 30 S. C. 564; 9 S. E. 684; 32 S. C. 117; 10 S. E. 822; 32 S. C. 142; 10 S. E. 932; 79 S. C. 272; 60 S. E. 689; 62 S. E. 1113; 82 S. C. 1; 62 S. E. 1115; 51 Fed. 511; 49 S. C. 513; 18 S. C. 305; 24 S. C. 172; 31 S. C. 199.   *Was the trust executed when the oldest child became of age:* 3 S. C. 99; 4 Strob. 66; 28 S. C. 131; Hill 413; 29 S. C. 139; 36 S. C. 399; 36 S. C. 354.

*Mr. Jones, in reply to appellant's argument,* submits: *That the amendment allowed in this case does not come within the reason of the decision in Buist v. Williams:* 83 S. C. 321.

July 18, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This case calls for a construction of the will of Mrs. Mary E. Gist, wife of Gov. W. H. Gist.

The questions and parties in this case are practically the same as in the other case of *Gist v. Gist,* 97 S. C. 240, filed herewith, and there is no necessity for a separate opinion. The only practical difference in the two cases is that appellant has misunderstood the use of two words by the master. When the master said the defendants held adversely to the plaintiffs, he intended to say that the holding was inconsistent with the present claim of the plaintiffs.

When the master said that the claim should have been made ten years ago, he did not mean the claim was barred by the statute of limitations, but that the supplemental complaint admits by its allegations that the defendants have an interest in the land and it is now too late to take it back and claim title in themselves alone.    There are 25 exceptions in this case.

The judgment is affirmed.